Filed 6/5/24  P. v. Rizo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHON RIZO,<br><br>    Defendant and Appellant. | H050824<br>(Monterey County<br>Super. Ct. No. SS111015A) |

Defendant Jonathon Rizo appeals from an order denying his petition for resentencing under former Penal Code section 1170.95 (now Penal Code section 1172.6).[1]  For the reasons explained here, we will affirm the order.

## I.    BACKGROUND

Defendant was charged with attempted murder, assault with a firearm, and active participation in a criminal street gang in 2011.  He ultimately pleaded no contest to assault with a firearm and admitted a firearm use allegation in exchange for dismissal of the remaining counts.  He was sentenced to 13 years in prison, consisting of a three-year term for assault with a firearm and a 10-year firearm use enhancement, consecutive to sentences of one year and eight months in two other cases.

---

[1]  In 2022 the Legislature renumbered Penal Code section 1170.95 to Penal Code section 1172.6 without substantive change to the text.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.)  Although the petition references Penal Code section 1170.95, we primarily refer to the current statute for clarity.  Unspecified statutory references are to the Penal Code.

Representing himself, defendant petitioned for resentencing under former section 1170.95 in 2022.  The trial court appointed counsel for defendant and considered briefing on whether he was eligible for relief despite not being convicted of murder, attempted murder, or manslaughter.  It found defendant ineligible for relief under the statute and denied his petition without an evidentiary hearing.

## II.    DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 2), which amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting, and [to] limit[] the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  That change in law resulted in three amendments to the Penal Code.  First, section 188, subdivision (a)(3) was added so that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)  Second, section 189, subdivision (e) was added to limit liability for felony murder.  (Stats. 2018, ch. 1015, § 3.)  Third, Senate Bill No. 1437 added former section 1170.95, "which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.)  Specifically, "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition … to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions.  (Former § 1170.95, subd. (a) (Stats. 2018, ch. 1015, § 4).)

In 2021, the Legislature enacted Senate Bill No. 775 (2020–2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2), which amended former section 1170.95, effective January 1, 2022.  The amended statute extended relief to defendants convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter" in addition to those convicted of murder.  (Former § 1170.95, subd. (a) (Stats. 2021, ch. 551, § 2).)

2

Defendant contends the expansion of the statute extends to defendants who were charged with attempted murder under the natural and probable consequences doctrine and pleaded guilty or no contest to lesser offenses like assault with a firearm. He argues a contrary reading would violate state and federal principles of equal protection. We reject both defendant's interpretation and his assertion that the statute as we interpret it is unconstitutional.

## A. DEFENDANT IS INELIGIBLE FOR RELIEF UNDER SECTION 1172.6

We independently review the trial court's determination that defendant has not made the required showing under section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.) "[W]e consider the language of the entire scheme and related statutes, harmonizing the terms when possible." (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 632 (*Stiglitz*); see *People v. Gonzalez* (2014) 60 Cal.4th 533, 537.)

"A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" under section 1172.6, subdivision (a), provided certain conditions are met. One requirement is that the "petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder." (§ 1172.6, subd. (a)(2).) Defendant was not convicted of murder, attempted murder, or manslaughter. He argues

3

nonetheless that he is eligible for relief under section 1172.6 because he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder under a now-invalid theory.

Section 1172.6, subdivision (a) expressly limits relief to defendants convicted of murder, attempted murder, or manslaughter. The interpretation advanced by defendant is therefore inconsistent with the plain language of the statute. It is also inconsistent with the legislative findings accompanying Senate Bill No. 775, which describe its purpose as clarifying "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.) Defendant would read section 1172.6, subdivision (a)(2) in isolation to apply to any plea offer accepted in lieu of a trial for murder or attempted murder. But defendant's argument "places outsized importance on a single clause to the exclusion of the provision's other language." (*People v. Flores* (2020) 44 Cal.App.5th 985, 995.) Instead, section 1172.6, subdivision (a)(2) is easily harmonized with the rest of the statute. We see neither ambiguity nor a legislative intent to extend relief to those convicted of lesser offenses, because that subdivision simply sets forth one of several requirements that must be met in order for a defendant *with a qualifying conviction* to petition for relief. We need not consider any legislative history as urged by defendant, because the plain language of section 1172.6—read as a whole—is clear and unambiguous. (*Stiglitz*, *supra*, 60 Cal.4th at pp. 632–633.) For the same reason, we reject defendant's argument about the rule of lenity (which calls for ambiguity in a criminal statute to be resolved in a defendant's favor), because it is relevant only when " 'two reasonable interpretations of the same provision stand in relative equipoise.' " (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) Defendant's assertion that rejecting his interpretation of the statute would lead to absurd results is also irrelevant when the statute is properly read in its entirety. (See *Jurcoane v. Superior Court* (2001)

4

93 Cal.App.4th 886, 893 ["*If statutory language is ambiguous, and only then,* we must construe statutes to ensure reasonable, not absurd, results, consistent with overall legislative intent"].)

The plain language of section 1172.6, subdivision (a) evinces the Legislature's intent to provide relief to defendants convicted of specified offenses. Senate Bill No. 1437 initially added former section 1170.95 to provide relief to defendants convicted of murder, and Senate Bill No. 775 extended its application to convictions for attempted murder and manslaughter. The Legislature is free to extend relief to defendants convicted of other offenses, but it has not done so in Senate Bill No. 775.

## B. SECTION 1172.6 DOES NOT VIOLATE EQUAL PROTECTION PRINCIPLES

Defendant argues that section 1172.6 as we have interpreted it violates the equal protection clauses of the state and federal Constitutions. He contends that he is similarly situated to defendants who were charged with murder or attempted murder under a now-invalid legal theory and were ultimately convicted of offenses eligible for vacatur under section 1172.6 (e.g., manslaughter), and that there is no sufficient justification for providing relief to those defendants but not to those whose ultimate convictions are for other offenses (e.g., assault).

As defendant acknowledges, similar arguments were raised before the enactment of Senate Bill No. 775 by defendants convicted of manslaughter and were rejected by appellate courts in that context. (See *People v. Paige* (2020) 51 Cal.App.5th 194, 205–206; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 920–921; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 888–889 (*Cervantes*).) Those courts noted that "offenders who commit different crimes are not similarly situated" for equal protection purposes in most cases. (*People v. Morales* (2019) 33 Cal.App.5th 800, 808.) Defendants in those cases therefore "failed to establish the threshold requirement of an equal protection claim: disparate treatment of similarly situated persons." (*People v. Wolfe* (2018) 20 Cal.App.5th 673, 688.)

The California Supreme Court recently held that, "when plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*People v. Hardin* (2024) 15 Cal.5th 834, 850–851 (*Hardin*).) The Supreme Court "cast no doubt on the utility of 'similarly situated' inquiries in other contexts." (*Id.* at p. 851.) Nor did it cast doubt on "precedent that purported to dispose of an equal protection challenge upon deciding that the challenged disparate treatment did not involve groups that were similarly situated for purposes of the law in question" but "could just as well have been cast as a conclusion about whether the difference in treatment was adequately justified under the applicable standard of review." (*Ibid.*)

Under any approach, defendant's equal protection claim fails because he has not shown that the disparate treatment lacks adequate justification under the applicable standard of review. Defendant urges us to apply strict scrutiny, a standard under which the Attorney General would bear the burden of showing that the distinction drawn by the statute is necessary to further a compelling state interest (*People v. Chatman* (2018) 4 Cal.5th 277, 288). But the challenged distinction is not based on a suspect classification and, although defendant contends it implicates a fundamental interest in personal liberty, the California Supreme Court has stated that a defendant " 'does not have a fundamental interest in a specific term of imprisonment[.]' " (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838; accord, *Hardin*, *supra*, 15 Cal.5th at pp. 847–848.) Defendant's claim is therefore properly subject to rational basis review, given "the broad discretion the Legislature traditionally has been understood to exercise in defining crimes and specifying punishment." (*Wilkinson*, at p. 838; accord, *People v. Mitchell* (1994)

6

30 Cal.App.4th 783, 796 ["Determining gradations of culpability … does not implicate the strict scrutiny test for equal protection purposes"].)  Under that standard, it is defendant's burden to show there is no rational basis for the challenged distinction. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

The distinction in permissible punishment provides a rational basis for the Legislature's choice to limit section 1172.6 relief to defendants convicted of murder, attempted murder, or manslaughter.  Given the presumably large number of defendants who have been charged in the past with murder or attempted murder under legal theories that are no longer valid, the Legislature could have rationally chosen to prioritize for ameliorative relief those who were actually *convicted* of murder or attempted murder under now-invalid theories like the felony-murder rule or the natural and probable consequences doctrine.  It could also have rationally chosen to prioritize those who were convicted of manslaughter, which carries a sentence of up to 11 years in prison, while the maximum sentence for defendant's conviction offense of assault with a firearm is four years.  (§§ 193, subd. (a); 245, subd. (a)(2).)  When the Legislature acts to address a perceived problem, it "may elect to make reforms ' " 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.' " ' " (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888.)

We recognize that defendant may not have accepted the same plea offer had he not faced the possibility of a more serious conviction at trial, much like a hypothetical defendant charged with murder and ultimately pleading guilty to manslaughter.  But because there is a rational basis for distinguishing between the two scenarios, defendant's constitutional challenge to section 1172.6 fails.

### III.    DISPOSITION

The order is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Bromberg, J.


H050824
*The People v. Rizo*